QUESTIONS: 1. Must the exact wording of the proposed constitutional amendment creating s. 8, Art. II appear on the ballot? 2. If the exact wording is not required, does the Secretary of State have the authority as Chief Elections Officer to prescribe the wording of the substance of the amendment as it is to appear on the ballot? 3. If the exact wording is not required, would the following wording reasonably and sufficiently give notice of the substance of the amendment? CONSTITUTIONAL AMENDMENT ARTICLE II, SECTION 8 Proposing an amendment to the State Constitution relating to ethics in government; providing that a public office is a public trust; requiring certain public officials and candidates to file full and public disclosure of financial interests and campaign finances; providing that public officers and employees who breach the public trust for private gain shall be liable to the state for benefits obtained; providing that public officers and employees convicted of a felony involving breach of trust shall be subject to forfeiture of pension; prohibiting certain past and present public officers from representing clients for compensation before certain public agencies; providing for an independent commission to investigate and report on complaints; providing for a schedule of filing dates and information.
SUMMARY: Only the substance of a proposed constitutional amendment, and not the entire text of the amendment, should be printed on the ballot. Unless and until otherwise judicially or legislatively clarified to the contrary, the Secretary of State has the authority and the duty to prescribe or approve the wording of the substance of a proposed constitutional amendment which is to be placed on the ballot when the amendment is proposed by initiative. AS TO QUESTION 1: Section 5(a), Art. XI, State Const., provides, with an exception not relevant here, that a proposed amendment of such constitution . . . shall be submitted to the electors at the next general election held more than ninety days after the joint resolution, initiative petition or report of revision commission or constitutional convention proposing it is filed with the secretary of state . . . . (Emphasis supplied.) Although the Constitution does not address itself to the manner or form in which the proposed amendment is to be placed on the ballot, s. 101.161, F. S., states: Whenever a constitutional amendment or other public measure shall be submitted statewide to the vote of the people, the substance of such amendment or other public measure shall be printed on the ballot one time, after the list of candidates, followed by the word "for," and also by the word "against," with a sufficient blank space thereafter for the placing of the symbol "X" to indicate the voter's choice. When voting machines are used the amendment or measure shall be in the form relating to the use of voting machines. The exact wording of the substance of the amendment or other public measure to appear on the ballot shall be embodied in the enabling legislation, and shall be furnished to the several counties by the Department of State, and it shall be authorized to give each of the proposed constitutional amendments or other public measures a designating number for convenient reference. This number designation may also appear on the ballot. (Emphasis supplied.) It is clear from the language italicized above that only the substance, and not the entire text, of a proposed constitutional amendment should be placed on the general election ballot. Accordingly, your first question is answered in the negative. AS TO QUESTION 2: Neither our State Constitution nor the Florida Statutes contain any specific provision with respect to the preparation of the statement of the substance of a proposed constitutional amendment other than in those instances in which the amendment is proposed by legislation. However, in view of the duty of the Department of State under s. 101.161, F. S., to furnish the wording of the substance of the proposed amendment to the several counties as well as the duty of the Department of State under s. 101.151(7), F. S., to approve the form of ballots, I am of the view, unless and until otherwise judicially or legislatively clarified to the contrary, that the Secretary of State has the authority and the duty to prescribe or approve the wording of the substance of a proposed amendment which is to be placed on the ballot when the amendment is proposed by initiative. Accordingly, your second question is answered in the affirmative. AS TO QUESTION 3: I have carefully compared the wording of your statement of the substance of the proposed amendment with the full text of the proposed amendment, and I am of the opinion that your statement of the substance of such amendment is an accurate and complete description of the contents of the proposed amendment.